UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GAYTAN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BRAWLEY *et al.*, <br><br> Defendants. | Civil No. 07cv2353 L(BLM) <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE** |

In this action based on 42 U.S.C. § 1983, Plaintiff alleges that his federal constitutional rights were violated when he was taken into custody by a police officer after a citizen's arrest was made for battery. Defendants City of Brawley and Officer Torres filed a motion for summary judgment, which Plaintiff opposed. For the reasons which follow, the court finds that there are no genuine issues of material fact regarding Plaintiff's federal constitutional claims. Accordingly, Defendants' motion is **GRANTED** in this regard. The remaining claims, asserted under California law, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367.

Plaintiff claims that officer Torres violated his federal constitutional and other rights when he arrested him and took him into custody. Officers Torres and Nguyen were dispatched

/ / / / /

/ / / / /

to respond to a landlord/tenant dispute involving Plaintiff and one of his tenants.[1] Several people were present when the officers arrived: Misty Britan, one of the tenants, Manuel Duran, her boyfriend, Plaintiff, her landlord, and three plumbers working for Plaintiff. Ms. Britan and Mr. Duran told the officers that Plaintiff pushed her during a dispute about overdue rent and plumbing problems. Fernando Garcia Sauceda, one of the plumbers, told the officers that Plaintiff pushed Ms. Britan, but that she "had caused the problem and it was her fault." Plaintiff claims the officers did not interview him before arresting him. Ms. Britan told the officers that she wanted Plaintiff arrested and filled out a citizen's arrest form. Officer Torres then handcuffed Plaintiff. The officers took him to the police station for questioning, where he told them that he did not push Ms. Britan but that she lunged toward him as if to strike him and he used his hand to protect himself. After questioning, Plaintiff was taken to the Imperial County Jail for booking and was released the same day. Sergeant Monita investigated the incident a few days thereafter. He concluded that Plaintiff acted in self-defense and that no charges should be filed against him. Plaintiff suffered bruising from the handcuffs and required tranquilizers after the incident.

Plaintiff filed a complaint alleging violations of his Fourth and Fourteenth Amendment rights against Officer Torres, violation of his constitutional rights against the City of Brawley, violation his constitutional rights under the California constitution against both Defendants, as well as battery, false imprisonment and intentional infliction of emotional distress against both Defendants. Defendants filed a motion for summary judgment.

Federal Rule of Civil Procedure 56(c) empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Arpin v.*

---

[1] Unless stated otherwise, the facts are undisputed and based on Plaintiff's Separate Statement of Disputed Facts filed June 23, 2009.

*Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).  In considering the motion, the nonmovant's evidence is to be believed and all justifiable inferences are to be drawn in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, . . . issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue.  Fed. R. Civ. P. 56(d)(1).

Defendants argue that summary adjudication is appropriate as to the first and second causes of action against Officer Torres for violation of Plaintiff's federal constitutional rights.  Plaintiff maintains there is a genuine issue of material fact whether Officer Torres had probable cause to arrest Plaintiff and take him into custody.

Defendants contend that they are not liable because Plaintiff was arrested by Ms. Britan and not Officer Torres.  *Meyers v. Redwood City*, 400 F.3d 765, 771 (9th Cir. 2005), addresses the issue "[a]t what point have the police become so entangled in a private self-help remedy that they may be held to answer under Section 1983?"  When an officer is called to receive a person pursuant to a citizen's arrest, California "law does not compel [him] to choose between civil liability for false arrest and criminal liability for failing to make an arrest[.  The officer] may choose the safe course and simply make the citizen's arrest[.]"  *Id*. at 773.  Under these circumstances, the officer is not liable for violating the arrestee's Fourth Amendment rights.  *Id*. at 774.

In the alternative, assuming *arguendo* that Ms. Britan did not effect a citizen's arrest, the court considers whether Officer Torres had probable cause to arrest Plaintiff and take him into custody.  *See Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001).

Plaintiff argues that there is a genuine issue of material fact whether he battered Ms. Britan or Ms. Brittan battered him.  This factual issue is not material to the determination of probable cause.  A fact is material if it could affect the outcome of the suit under the governing substantive law.  *Anderson*, 477 U.S. at 248.  "A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has

committed a crime." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006); *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir. 2002). The probable cause determination does not require the officer to be certain. Plaintiff's disagreement with the witness statements on which the arrest was based is similarly not material. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Plaintiff next contends that there is a genuine issue of material fact whether the officers interviewed him before arresting him. According to Plaintiff, the first time the officers asked him about the incident was at the police station, where he had been taken in handcuffs. The factual dispute about the timing of Plaintiff's interview is not material. When the officers arrived at the scene, they interviewed three of the four people who witnessed the altercation: Ms. Britan, Mr. Duran and Mr. Saucedo. All three witnesses reported that Plaintiff had pushed Ms. Britan. Had the officers interviewed Plaintiff at that time, he would have told them, as he did later, that he raised his hand in self-defense. This additional information, however, does not negate a fair probability that Plaintiff had battered Ms. Britan.

Plaintiff also claims that Officer Torres did not have probable cause because other witnesses could have told him that Ms. Britan was very hostile toward Plaintiff. Messrs. Hernandez and Piceno, two of the plumbers working for Plaintiff, told Sergeant Monita three days after the incident that they did not witness the altercation, but did see Ms. Britan being very hostile toward Plaintiff immediately before the altercation. For the reasons discussed above, these facts are not material.

Plaintiff next maintains that Officer Torres arrested him as a favor to Ms. Britan, with whom he had a personal relationship. This fact is not material. An arresting officer's state of mind is irrelevant to the determination of probable cause. *Devenpeck*, 543 U.S. at 153. What is relevant are the facts, as known to the officer at the time of the arrest, bearing upon the question whether there is fair probability that the suspect has committed a crime. *Id*. at 152; *Tatum*, 441 F.3d at 1094.

/ / / / /

Last, Plaintiff argues that there is a genuine issue of material fact whether Officer Torres had a good faith basis for booking him rather than releasing him after questioning at the police station.  Plaintiff admits that he was released on the day of his arrest and as soon as the administrative steps incident to arrest were completed.  The length of his detention was therefore not in violation of the Fourth Amendment.  *See County of Riverside v. McLaughlin*, 500 U.S. 44, 54 (1991) (48-hour post-arrest detention prior to judicial probable cause determination held presumptively constitutional).  Plaintiff also alleges that his arrest and detention were "in the nature of summary punishment" in violation of the Fourteenth Amendment.  (Compl. at 4.)  Plaintiff was not being punished, but was simply "taken to jail to be booked and processed in the customary manner."  *See Higbee v. City of San Diego*, 911 F.2d 377, 380 (9th Cir. 1990).  This "process . . . fully complies with both the Fourth and Fourteenth Amendments."  *Id*.  After a lawful arrest, Plaintiff had no constitutional right to be released before being booked.  *See id.* at 379.

In his opposition, Plaintiff does not point to any other disputed factual issues, but merely states that the issues "include, but are not limited to" the issues he lists.  (*See* Opp'n at 1-2.)  No additional issues are raised or discussed in Plaintiff's opposition.  Under Rule 56, in order to oppose a summary judgment motion, the non-moving party must "designate specific facts showing there are genuine factual issues which "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.  To the extent Plaintiff does not specifically and distinctly argue that any other factual disputes present a genuine issue of material fact, the court will not "manufacture arguments" on his behalf.  *See Arpin*, 261 F.3d at 919.  A bare suggestion that there may be other genuine issues of material fact does not preserve his claim.  *Id*.  Furthermore, the court is not required "to scour the record in search of a genuine issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

Because there is no genuine issue of material fact as to the first two causes of action, Plaintiff's section 1983 claims against Officer Torres, the third cause of action, a section 1983 claim against the City of Brawley, fails as well.  *See Tatum*, 441 F.3d at 1100.  For the same

reason, the court need not consider whether qualified immunity shields Defendants from suit for constitutional violations in this case. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009), quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Based on the foregoing, Defendants' motion is **GRANTED** as to the first three causes of action for violation of Plaintiff's federal constitutional rights. All remaining causes of action are based on state law. The subject matter jurisdiction over this action is based on 28 U.S.C. § 1331 because Plaintiff alleged a cause of action for civil rights violation under 42 U.S.C. § 1983. Having dismissed all causes of action arising under federal law, the court declines to continue to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3). The state law claims are therefore **DISMISSED WITHOUT PREJUDICE** to allow Plaintiff to pursue them in state court if he so chooses.

**IT IS SO ORDERED.**

DATED: September 1, 2009

M. James Lorenz
United States District Court Judge